## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

GOODFELLA4LIFE ENT. LLC, d/b/a
RGF PRODUCTIONS,

                Plaintiff,

       -against-

JUSTIN POPE, p/k/a "P-DICE";
WONDER BOY PUBLISHING LLC

            Defendants.

-------------------------------------------------------------------X

Case No. 17-CV-5098

**COMPLAINT**
**AND DEMAND**
**FOR JURY TRIAL**

Plaintiff, Goodfella4life Ent. LLC ("Plaintiff" or "Goodfella4Life"), as and for its complaint against Defendants Justin Pope ("Pope") and Wonder Boy Publishing LLC ("Wonder Boy"), hereby alleges, upon personal knowledge as to its own acts, and upon information and belief as to the acts of others as follows:

### NATURE OF THE CASE

1.     Plaintiff Goodfella4Life is a New Jersey-based record label.

2.     Defendant Pope is a New Jersey rap artist professionally known as "P-Dice." Pope is currently signed to an exclusive recording agreement with Goodfella4Life, which provides that as between Plaintiff and Pope, Plaintiff owns the copyright in any sound recordings created by Pope. Such agreement also provides Goodfella4Life with co-authorship of the copyright in, and exclusive administration rights to, Pope's musical compositions.

3.     Defendant Wonder Boy is a music publishing entity that Pope contends he has retained for the purpose of collecting income for, and otherwise administering, Pope's musical compositions.

4.      Defendant Pope has falsely asserted that he is a "joint author" under the U.S. Copyright Act of his sound recordings, creating a judicial controversy regarding same.  Pope has also falsely claimed that he is a "joint author" of a composition recorded by the artist Willie Maxwell, p/k/a Fetty Wap, under the U. S. Copyright Act, discussed below, creating a judicial case and controversy regarding same.

5.      In addition to the copyright authorship declarations Plaintiff requires by virtue of Pope's baseless assertions, Plaintiff is also entitled to damages for Pope's breaches of his agreement with Plaintiff, including for Pope's wrongful authorization to Defendant Wonder Boy to collect music publishing royalties and otherwise administer his compositions on his behalf despite Plaintiff's exclusive right to do so; for Pope's failure to compensate Goodfella4Life in accordance with its publishing income interests; and for Pope's failure to deliver his sound recordings to Plaintiff as required.

6.      By this action, Goodfella4Life seeks to obtain damages, as well as equitable and declaratory relief, based on the aforementioned willful misconduct.

## **PARTIES**

7.      Plaintiff Goodfella4Life Ent. LLC, d/b/a RGF Productions, is a New Jersey limited liability company doing business in New York City, New York.  Its principal place of business is in Wayne, New Jersey.

8.      Defendant, Justin Pope ("Pope"), professionally known as "P-Dice," is a New Jersey resident doing business in New York City, New York.

9.      Defendant Wonder Boy Publishing LLC ("Wonder Boy") is a New Jersey limited liability corporation doing business in New York City, New York.  Its principal place of business is in Fort Lee, New Jersey.

2

## **JURISDICTION AND VENUE**

10.     The Court has subject matter jurisdiction over Goodfella4Life's claims for declaratory relief under the Copyright Act, 17 U.S.C. § 101 *et seq*., pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201.  The Court has jurisdiction over Goodfella4Life's remaining state claims pursuant to 28 U.S.C. § 1367.

11.     This court has personal jurisdiction over Defendants in that they each regularly transact business in this District.  Additionally, Defendant Pope contractually agreed to submit to the jurisdiction of this Court.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in the Southern District of New York and Defendant Pope contractually agreed to submit to the jurisdiction of this Court.

## **FACTS**

### A.     **Background**

13.     Defendant Pope is a New Jersey-based rapper and songwriter.

14.     On September 1, 2014, Pope and Goodfella4Life entered into a contract entitled "Exclusive Recording Services Agreement – P-Dice" (the "Original Agreement").  The parties further entered into a second contract entitled "Recording Agreement," which is also dated September 1, 2014, and which amended and restated the Original Agreement.  (This amended agreement is hereafter referred to as the "Recording Contract.")

15.     Pursuant to Sections 2 and 6 of the Recording Contract, Pope is obligated to render exclusive recordings services to Goodfella4Life during the term, which remains ongoing. The initial contract period is set forth in Section 2 of the Recording Contract—"Term; Recording Commitment"—which provides, in relevant part:

> The initial contract period of the Term will commence on the Effective Date [September 1, 2014] and continue until the later of (i) thirty six (36)

3

> months following the date on which you have made complete Delivery to
> the Company [RGF Productions] of the Masters sufficient to constitute an
> Album . . . and (ii) forty two (42) months after the date of this Agreement;
> . . . .

The Recording Contract further provides Goodfella4Life with the right to extend its Term

for additional contract periods.

16.     The Recording Contract also provides that Goodfella4Life shall: (i) own 50% of

the copyright in, (ii) be the exclusive administrator for, and (iii) retain the sole right to collect

any income from, any musical compositions that Pope owns (or comes to own) an interest in on

or after September 1, 2014.  Goodfella4Life's rights in this respect are set forth in Section 7 of

the Amended Agreement—"Mechanical Royalties/Music Publishing Issues"—which provides,

in relevant part:

> (b) For purposes hereunder, "Controlled Composition" means each
> musical composition which as of the Effective Date is, . . . will be or
> become, whether directly or indirectly (including through one or more
> intermediaries), written, owned, controlled or administered in whole or in
> part by you or by any other person or entity in which you have a direct or
> indirect ownership, equity, income producing, profit sharing or other
> interest of any kind. . . .
>
> (c) [Y]ou [Pope] hereby irrevocably and absolutely sell, transfer and
> assign to Company . . . in perpetuity, (i) an undivided fifty percent (50%)
> of your entire right, title and interest in and to each Controlled
> Composition, . . . ; and (ii) the exclusive, worldwide right to administer
> and exploit one hundred (100%) of each Controlled Composition,
> including without limitation, the sole right to grant licenses, collect all
> income and to use your name, likeness and biographical material in
> connection with each Controlled Composition for the full term of
> copyright (including all renewals and extensions thereof) in and to each
> Controlled Composition . . . .

17.     The Recording Contract also requires Pope to indemnify Goodfella4Life in

connection with any claims brought against it relating to any breaches by Pope of the Recording

Contract, and/or breaches of any representations, warranties, agreements, and/or covenants

thereunder.  Pope's indemnification obligations are set forth in Section 9 of the Amended

4

Agreement, which provides, in relevant part:

> (b) You will forever indemnify and hold harmless the following persons
> and entities from and against the Indemnified Claims (as defined below):
> (i) Company . . . . The term "Indemnified Claims" means all claims,
> demands, complaints, disputes, liabilities, obligations, agreements,
> actions, causes of action, suits, proceedings, damages, losses, charges,
> costs, penalties, assessments, debts and expenses of whatever nature
> (including investigative and legal expenses and reasonable attorneys' fees)
> which may at any time arise out of or in connection with any violation
> and/or breach of this Agreement by you, any violation and/or breach of
> your representations, warranties, agreements and covenants hereunder
> and/or any acts or omissions by you. . . .

18.     The Recording Contract contains a prevailing party fee recovery clause, and

expressly requires that any disputes arising under, or relating to the agreement, be litigated in the

courts of New York. The Recording Contract further provides that it is governed and construed

in accordance with the laws of New York. The choice-of-law and forum-selection clauses are

contained within Section 16 of the Amended Agreement—"Miscellaneous"—which provides, in

relevant part:

> (b) This Agreement will be governed by and construed and enforced in
> accordance with the laws of the State of New York (without giving effect
> to any of such State's principles regarding conflict of laws).
>
> > (i) With respect to any action or proceeding arising out of or
> > relating to this Agreement or instituted hereunder or based upon
> > any document subsequently delivered pursuant hereto (an
> > "Action"), Company and you irrevocably (A) consent to the
> > jurisdiction of any state or federal court located within New York
> > County, New York, and (B) waive any objection to venue, or to the
> > inconvenience of the forum, of any such court.
> >
> > . . . .
> >
> > (iii) The prevailing party in any action brought to enforce the terms
> > of this agreement shall be entitled to reasonable attorneys' fees and
> > actual costs from the other party.

**B.**     **Pope Disputes Plaintiff's Copyright Ownership of His Sound Recordings and Falsely Asserts Rights of Joint Authorship in Recordings and Compositions Released by Fetty Wap**

19.     In January 2017, Pope and Wonder Boy filed suit in the Superior Court of the State of California for the County of Los Angeles (Civil Action No. BC 638882) (the "California Action"), in defiance of the mandatory New York forum-selection clause in the Recording Contract. In this California Action, Pope and Wonder Boy have asserted baseless claims against Goodfella4Life, among other defendants, falsely contending that Pope is a joint author of certain sound recordings and compositions released by Fetty Wap, and disputing Goodfella4Life's rights under the Recording Contract, including as the fifty-percent copyright owner of the Controlled Compositions and the exclusive copyright owner of master recordings embodying Pope's performances.

20.     In Section 6 of the Recording Contract, Pope agreed that the sound recordings of his performances would constitute "works made for hire" for Goodfella4Life (i.e., that Goodfella4Life would be the author and copyright owner of those recordings).

21.     In the event that the recordings were not deemed works made for hire, Pope assigned the copyright in those recordings to Goodfella4Life pursuant to Section 6 of the Recording Contract.

22.     Nevertheless, Pope and Wonder Boy claim joint authorship in recordings that he claims to embody his musical performances. *Inter alia*, Pope and Wonder Boy have asserted a meritless contention that Pope is a joint author and copyright co-owner under the U.S. Copyright Act of the musical composition and sound recording of the track entitled "679," as embodied in the album entitled *Fetty Wap* by the artist professionally known as "Fetty Wap." In truth, Pope is not a co-author of, and has no copyright interest in, this composition and sound recording. (And, by extension, Wonder Boy has no rights in same, either.)

6

23.     As between it and Pope, Goodfella4Life is the exclusive copyright owner of the sound recordings embodying Pope's musical performances created during the term of the Recording Contract, and Pope's assertion of joint copyright authorship is baseless, requiring a judicial declaration that he has no such joint authorship rights under the U.S Copyight Act.

## C.     Pope Has Also Violated His Obligations Under the Agreement

24.     After the effective date of the Recording Contract, Pope has written and recorded numerous compositions, which recordings he has caused to be commercially released.  Pope's failure to deliver these recordings and compositions to Goodfella4Life is in breach of the Recording Contract.  Notably, Pope demanded that Goodfella4Life release him from the Recording Contract, but his request was denied.

25.     Pope also entered into a contract for Wonder Boy to serve as his music publishing administrator in violation of  Section 7 of the Recording Agreement, which conveyed to Goodfella4Life an undivided fifty percent (50%) ownership of Pope's entire right, title and interest in the Released Songs, and Section 9 of the Recording Contract stating that, among other things, he has "full right, power and authority to enter into and perform this Agreement and to grant the rights granted (or purported to be granted hereunder)[,]" and that "no Controlled composition recorded or delivered by you hereunder shall be subject to any … restrictions."

26.     These breaches have deprived Goodfella4Life of the ability to properly administer the Controlled Compositions, in addition to depriving Goodfella4Life of income, its right to exercise its copyright interests, and business opportunities.

27.     Through the improper conduct alleged above, Pope has breached numerous of his representations and warranties in Section 9 of the Recording Contract, including that Goodfella4Life "will not be required to make any payments of any nature for or in connection with the acquisition, exercise or exploitation of rights pursuant to this Agreement except as

specifically provided herein ….."

28.     On or about April 10, 2017, Goodfella4Life provided Pope with written notice of his breaches, as well as 30 days to cure such breaches, but Pope did not cure his breaches. Plaintiff is entitled to recover its legal fees in connection with the California Action.  Pursuant to the indemnification provisions in Pope's Recording Contract, Pope is required to indemnify Goodfella4Life for all out-of-pocket costs, including attorneys' fees, Goodfella4Life has and will incur in connection with the defense of these claims.  Plaintiff is also entitled to recover its fees and costs in connection with its prosecution of this action.

### FIRST CAUSE OF ACTION
### (Declaratory Judgment That Pope Is Not A Joint Author of the Sound Recording or Composition entitled "679" —Against All Defendants)

29.     Goodfella4Life repeats and reasserts the allegations of paragraphs 1 through 28 as though fully set forth herein.

30.     Pope and Wonder Boy contend that Pope is a joint author and copyright co-owner of the musical composition and sound recording of the track entitled "679," as embodied in the album entitled *Fetty Wap* by the artist professionally known as "Fetty Wap."

31.     Pope did not write or author any portion of this composition or sound recording, and is therefore not an author of them as that term is used in the Copyright Act.

32.     As a result of Defendants' false contentions that Pope is a joint author and copyright owner of this composition and sound recording, Goodfella4Life's and is being deprived of its rights with respect to the aforementioned composition and sound recording.

33.     By reason of the foregoing, an actual and justiciable controversy has arisen and now exists between Goodfella4Life, on the one hand, and Defendants, on the other hand, regarding whether Pope is a joint author and copyright co-owner of this composition and sound

8

recording.

34.     Goodfella4Life requests a judicial declaration determining that: (a) Pope did not write or author any portion of the musical composition and sound recording of the track entitled "679," as embodied in the album entitled *Fetty Wap* by the artist professionally known as "Fetty Wap"; (b) Pope is not an "author" of that composition or sound recording, as such term is used in the Copyright Act; and (c) Pope accordingly lacks any copyright ownership interest in that composition and sound recording.

35.     Such a declaration is necessary and appropriate because a substantial controversy exists between the parties having adverse legal interests as to the authorship of this composition and sound recording, and it is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

### SECOND CAUSE OF ACTION
**(Declaratory Judgment that Plaintiff Owns Exclusive Copyright In and To Pope's Sound Recordings, and Exclusive Administration of and Co-Copyright Ownership in Pope's Musical Compositions—Against All Defendants)**

36.     Goodfella4Life repeats and reasserts the allegations of paragraphs 1 through 35 as though fully set forth herein.

37.     Given Pope's baseless assertions to the contrary, Goodfella4Life requires a declaration that: (a) Goodfella4Life is the exclusive publishing administrator and 50% copyright owner of the "Controlled Compositions" (as such term is defined by the Recording Contract); (b) as between it and Pope, Goodfella4Life is the sole copyright owner of Pope's sound recordings created during the term of the Recording Contract; (c) Wonder Boy has no copyright interest and no music publishing administration rights in the Controlled Compositions.

38.     Defendants dispute each of these positions; they maintain, without basis, that Goodfella4Life purportedly has no rights in Pope's compositions and sound recordings.  As a result of this dispute, Goodfella4Life has been denied monies to which it otherwise would be

entitled, and is being deprived of its rights with respect to the aforementioned copyrights.

39. By reason of the foregoing, an actual and justiciable controversy has arisen and now exists between Goodfella4Life, on the one hand, and Defendants, on the other hand, regarding Goodfella4Life's copyrights and contractual rights in Pope's compositions and sound recordings.

40. Goodfella4Life requests a judicial declaration determining that: (a) Goodfella4Life is the exclusive publishing administrator and 50% copyright owner of the "Controlled Compositions" (as such term is defined by the Recording Contract); (b) Goodfella4Life is the sole copyright owner of Pope's sound recordings created during the term of the Recording Contract; and (c) Wonder Boy has no copyright interest and no music publishing administration rights in the Controlled Compositions.

41. Such a declaration is necessary and appropriate because a substantial controversy exists between the parties having adverse legal interests as to the authorship of this composition and sound recording, and it is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## THIRD CAUSE OF ACTION
### (Breach of Contract—Against Pope)

42. Plaintiff repeats and reasserts the allegations of paragraphs 1 through 41 as though fully set forth herein.

43. Goodfella4Life and Pope entered into a binding agreement (the Recording Contract), which was supported by valuable consideration.

44. Pope has materially breached the Recording Contract in numerous ways, including the following:

    a. By independently releasing sound recordings embodying his musical

10

performances instead of delivering them to Goodfella4Life.

b.   By disputing Goodfella4Life's exclusive administration rights and copyright co-ownership of Pope's musical compositions, and entering into a contract with Wonder Boy purporting to act as his music publishing administrator for the purpose of collecting income from those compositions.

c.   By permitting Wonder Boy to collect music publishing income for, and otherwise administer, Pope's musical compositions.

d.   By claiming to co-own the copyright in, and challenging Goodfella4Life's ownership and exploitation of, sound recordings that embody Pope's musical performances.

45.   As a direct and proximate result of these breaches, Goodfella4Life has been and continues to be damaged in an amount that will be proven at the time of trial.  When Goodfella4Life has ascertained the full amount of its damages, it will seek leave of Court to amend this Complaint accordingly.

## FOURTH CAUSE OF ACTION
### (Contractual Indemnification—Against Pope)

46.   Goodfella4Life repeats and reasserts the allegations of paragraphs 1 through 45 as though fully set forth herein.

47.   Subsequent to the entry of the Recording Contract, Pope purported to assign to Wonder Boy music publishing administration rights in the Controlled Compositions.  As a result, Wonder Boy has asserted causes of action against Goodfella4Life and other defendants in the California Action, pursuant to which Wonder Boy purports to enforce its claimed (but actually nonexistent) music publishing rights in the Controlled Compositions.

11

48.     The aforementioned conduct plainly breaches the Recording Contract, including but not limited to Section 7 therein, pursuant to which Pope conveyed to RGF an undivided fifty percent (50%) ownership of Pope's entire right, title and interest in the Controlled Compositions and appointed Goodfella4Life to serve as the exclusive music publishing administrator for the Controlled Compositions.  Pope has also breached his representations and warranties in Section 9 of the Amended Agreement that, among other things, he has "full right, power and authority to enter into and perform this Agreement and to grant the rights granted (or purported to be granted hereunder)," and that "no Controlled Composition recorded or delivered by you hereunder shall be subject to any … restrictions."   The claims in the California Action plainly challenge Goodfella4Life's rights under the Recording Contract to serve, among other things, as the exclusive administrator for Pope's compositions—and thus breach the representations and warranties quoted above.

49.     Pursuant to the clear, unequivocal, and certain indemnification clause in the Recording Contract, Pope is contractually obligated to indemnify Goodfella4Life.  In Section 9(b), of the Recording Contract, Pope agreed to "reimburse [Goodfella4Life], on demand, for any payment made by [Goodfella4Life] at any time after the Effective Date with respect to any Indemnified Claim."

50.     Goodfella4Life has demanded that Pope immediately indemnify Goodfella4Life for all out-of-pocket costs Goodfella4Life has and will incur in connection with the defense of the California Action.  Pope has baselessly rebuffed this demand.

51.     Goodfella4Life accordingly asserts this cause of action against Pope for indemnification for all attorneys' fees, costs and other expenses that Goodfella4Life has incurred and will incur in the defense of itself, its licensees, and its other indemnitees in connection with the California Action.

## PRAYER FOR RELIEF

**WHEREFORE**, Goodfella4Life respectfully prays for the following relief:

A.      That the Court enter judgment in Goodfella4Life's favor on all claims;

B.      That the Court enter a declaratory judgment that: (a) Pope did not write or author any portion of the musical composition and sound recording of the track entitled "679," as embodied in the album entitled *Fetty Wap* by the artist professionally known as "Fetty Wap"; (b) Pope is not an "author" of that composition or sound recording, as such term is used in the Copyright Act; and (c) Pope accordingly lacks any copyright ownership interest in that composition and sound recording;

C.      That the court enter a declaratory judgment that: (a) Goodfella4Life is the exclusive publishing administrator and 50% copyright owner of the "Controlled Compositions" (as such term is defined by the Recording Contract); (b) Goodfella4Life is the sole copyright owner of Pope's sound recordings created during the term of the Recording Contract; (c) Wonder Boy has no copyright interest and no music publishing administration rights in the Controlled Compositions;

D.      That the Court award to Goodfella4Life the direct and consequential damages it has suffered by reason of the acts of Pope complained of herein, said amount to be determined at trial;

E.      That the Court restrain and enjoin Defendants, their directors, principals, officers, agents, representatives, employees, attorneys, successors, and assigns, and all others in active concert or participation with them, from engaging in any activity in contravention of Goodfella4Life's copyrights in Pope's recordings and compositions and its exclusive administration rights in Pope's compositions;

13

F.     That the Court enter an order requiring Pope to fully indemnify Goodfella4Life against any and all losses, including attorneys' fees and actual costs, that it has or will sustain in connection with its defense of Wonder Boy's claims in the California Action;

G.     That the Court enter an order requiring that Defendants hold in trust, as constructive trustees for the benefit of Goodfella4Life: (a) any profits obtained from their false assertion, in contravention of the terms of the Recording Agreement, of ownership interests and economic rights in Pope's sound recordings and musical compositions and (b) any profits obtained from their wrongful exploitation of the aforementioned compositions and sound recordings, and requiring Defendants to provide Goodfella4Life a full and complete accounting of all amounts due and owing to Goodfella4Life as a result of Defendants' unlawful activities;

H.     That Defendants be required to pay Goodfella4Life both the costs of this action and the reasonable attorneys' fees incurred by Goodfella4Life in prosecuting this action; and

I.     That the Court grant Goodfella4Life such other, further, and additional relief as the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury for all issues so triable in this action.

Dated: New York, New York
       July 6, 2017

MITCHELL SILBERBERG & KNUPP LLP

By:   /s/ Christine Lepera
      Christine Lepera
      Jeffrey M. Movit
      Hannah M. Junkerman
      12 East 49th Street, 30th Floor
      New York, New York 10017
      (212) 509-3900
      ctl@msk.com
      jmm@msk.com

      *Attorneys for Plaintiff Goodfella4Life Ent. LLC, d/b/a*
      *RGF Productions*